UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X   **CV13-0392-KAM-LB**
TYSEAN MOORE
                            Plaintiff,

                                              **VERIFIED COMPLAINT**



            -against-

CITY OF NEW YORK and NEW YORK CITY POLICE
DETECTIVE THOMAS DELACY, Shield # 1131

                            Defendant,

--------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against the City of New York, and Police Detective THOMAS DELACY, shield # 1131, arising out of the false arrest, assault, battery and false imprisonment of TYSEAN MOORE, the complainant herein.

2. On May 11, 2012, at approximately 0850 hours, Police Detective Thomas Delacy, a New York City Police Detective, acting under the color of State law, intentionally and willfully subjected the Plaintiff to, inter alia, assault, battery, false arrest, false imprisonment and detention for acts of which the Plaintiff was innocent.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Sections 1331, 42 U.S.C. Sections 1983 and 1985, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over Plaintiff's state law claims is asserted.

1

4.  The amount in controversy exceeds $75,000.00 excluding interest and cost.

5.  Venue is laid within the United States District Court for the Eastern District of New York in that the Defendant City of New York and the Police Department of the City of New York is located within the Eastern District of New York and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

**PARTIES**

6. That at all times mentioned herein, the Plaintiff TYSEAN MOORE, was and still is a resident of the County of Richmond, City and State of New York.

7.  That at all times hereinafter mentioned, the Defendant CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing pursuant to the Constitution and Laws of the State of New York

8.  That at all times hereinafter mentioned, the Defendant, City of New York, was and still is a municipal corporation doing business in the State of New York.

9.  That at all times hereinafter mentioned, the individual Defendant, Detective Thomas Delacy , shield # 1131  was at all times relevant hereto, an employee of the City of New York as police detective.

10.  At all times mentioned herein, defendants were acting under the color of state law, to wit. Under color of the statutes, ordinances, regulations, policies, custom and usages of the City and State of New York.

**FACTUAL ALLEGATIONS**

11.  On May 11, 2012, the Defendants maliciously and with intent to injure the Plaintiff

2

forcibly arrested the Plaintiff at the 122 Precinct, Staten Island, New York  forcibly detained the Plaintiff, subjected him to assault and battery, imprisoned and detained him there, restrained him of his liberty, without any right to do so, and against the will of the Plaintiff.

12.   That on or about May 11, 2012, the defendants, their agents and employees wrongfully and falsely accused the Plaintiff TYSEAN MOORE of the crimes of Robbery 1st Degree, Robbery 2nd Degree, Grand Larceny 3d Degree, Burglary 2d Degree, Robbery 3rd Degree, and Criminal Possession of a Weapon 4th Degree, among other charges.

13.   That the said arrest and imprisonment was caused by the Defendants, their agents, servants and employees without a warrant, or other legal process, without probable cause and without authority of the law and without reasonable cause or belief that the Plaintiff TYSEAN MOORE   was indeed guilty of the aforesaid crimes.

14.   That the Defendants, their agents, and employees acting within the scope of their authority and within the scope of their employment, wrongfully, unlawfully and without a sufficient charge having been made against him, detained and imprisoned the Plaintiff TYSEAN MOORE and directed that he be placed under arrest.

15.   That the Defendants, their agents and employees had the opportunity to know or should have known that the Plaintiff TYSEAN MOORE was wholly innocent of the aforesaid criminal charges and did not contribute in any way to the conducts of Defendants, their agents and employees and was forced by the Defendants to submit to the aforesaid arrest.

16.   That on or about May 11, 2012, the Defendant, their agents and employees intended to confine the Plaintiff, that the Plaintiff was conscious of said confinement and did not consent to the confinement and said confinement was not otherwise privileged.

17.  That by reason of the false arrest, malicious prosecution, false imprisonment and detention of the Plaintiff, the Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with the  various crimes, and greatly injured in his character, credit and circumstances and has been prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain both in mind and body, loss of employment opportunities.

18.  That on or after May 11, 2012, the Defendants, their agents and employees maliciously prosecuted and detained the Plaintiff TYSEAN MOORE without any just grounds therefore.

**19.  That the Plaintiff was and is wholly innocent and was forced by the Defendants, their agents and employees to submit to court proceedings for a protracted period of time until the case  was dismissed.**

20.  That the said criminal charges and prosecution were instituted and procured by the Defendants, their agents and employees unlawfully, intentionally, maliciously, in bad faith and without any reasonable or probable cause whatsoever and with grossly negligent disregard for Plaintiff's rights, and in violation of the civil and constitutional rights of the Plaintiff, and that the commencement and continuation of the criminal proceedings by the Defendants, their agents and employees against the Plaintiff TYSEAN MOORE was without probable cause, with actual malice and was terminated in favor of the Plaintiff.

21.  That by reason of the foregoing malicious prosecution, the Plaintiff was deprived of his  liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up for scorn and ridicule, was injured in his character and reputation, was

4

prevented from attending his usual business and vocation, was injured in his reputation in the community and was caused to lose financially, all to his damage otherwise.

22.  At no time did the Plaintiff offer resistance as Police Detective THOMAS DELACY and other police officers assaulted and arrested the Plaintiff.

23. The arrest of the Plaintiff was committed by the Defendants without an arrest warrant or other legal process and without probable cause.

24.  The Plaintiff remained in custody for more than FIVE (5) DAYS before being brought before a judge in criminal court and released.


## FIRST CAUSE OF ACTION
### (ASSAULT)

25.  Paragraphs 1 through 24 are incorporated herein by reference.

26.  Upon approaching the Plaintiff and arresting him,  Defendants made Plaintiff fear for his physical well being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

27.  Defendants have deprived the Plaintiff of his civil, constitutional and statutory rights and are liable to the Plaintiff under 42 U.S.C. Section 1983 and 1985 and the New York State Constitution.

28.  Plaintiff was damaged by the Defendant's assault in the amount of Three Hundred Thousand ($300,000.00 ) Dollars.


## SECOND CAUSE OF ACTION
### (BATTERY)

29.  Paragraphs 1 through 28 are incorporated herein by reference.

30.  Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive

5

touching and battered him.

31. Defendants used excessive and unnecessary force with the Plaintiff.

32. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to the Plaintiff under 42 U.S.C. Section 1983 and 1985 and the New York State Constitution.

33. Plaintiff was damaged by the battery of the Defendants in the amount of Three Hundred Thousand ($300,000.00 ) Dollars.

## THIRD CAUSE OF ACTION
## (FALSE ARREST)

34. Paragraphs 1 through 33 are incorporated by reference.

35. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

36. The defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. Sections 1983 and 1985 and the New York State Constitution.

37. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of Three Hundred Thousand ($300,000.00 ) Dollars.

## FOURTH CAUSE OF ACTION
## (MUNICIPAL LIABILITY)

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. The Defendant City of New York is liable for damages suffered by the Plaintiff as a result of the conduct of its employees, agents and servants and the others whose names are currently unknown.

40. The Defendant City of New York knew or should have known of their employees'

agents' or servants' propensity to engage in the illegal and wrongful acts detailed above.

41.  Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers to make, false entries in official department records to cover up and hide their wrongful conduct; defendants committed such actions with a racially discriminatory motive and manner.

42.  Defendant City of New York has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar case involving misconduct.

43.  Defendant City of New York has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar case involving police misconduct.

44.  Defendants subjected Plaintiff to false arrest, assault and battery, false imprisonment solely on the basis of his race, ethnic background and/or color.

45.  Plaintiff has been damaged as result of the wrongful, negligent and illegal acts of the Defendant City of New York in the amount of Three Hundred Thousand ($300,00.00 ) Dollars.

### FIFTH CAUSE OF ACTION
#### (42 U.S.C.  Sections 1981 & 1983)

46.  Paragraphs 1 through 45 are incorporated herein by reference.

47.  Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to the Plaintiff under 42 U.S.C.

Sections 1981 and 1983 and the New York State Constitution.

48. Defendants' conduct was motivated by anti-Black American animus.

49. Plaintiff was mistreated by defendants due to his ethnic background.

50. Plaintiff has been damaged as a result of the defendants' wrongful acts in the amount of Three Hundred Thousand ($300,000.00.) Dollars.

## SIXTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

51. Paragraphs 1 through 50 are incorporated herein by reference

52. That the said criminal charges, prosecution were instituted and procured by the defendants and their agents unlawfully, intentionally, maliciously, in bad faith and without any reasonable or probable cause whatsoever and with gross negligent regard of Plaintiff's rights, and in violation of the civil and constitutional rights of the Plaintiff, and that the commencement and continuation of the criminal proceedings by the Defendants and their agents against the Plaintiff TYSEAN MOORE was without probable cause , with actual malice and was terminated in favor of the Plaintiff. As a result Plaintiff has been damaged in the amount of $300,000.00.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in the amount of Three Hundred Thousand ($300,000.00) Dollars on each of Plaintiff's Cause of Action;

B. Awarding Plaintiff punitive damages in the amount of Three Hundred Thousand ($300,000.00) Dollars on each of Plaintiff's Cause of Action;

C. Awarding Plaintiff reasonable attorney's fees, cost and disbursements of this action; and

8

D.  Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: Staten Island, New York
      February 20, 2013

PHILIP Ø. OHENE, Esq.
Attorney for Plaintiff
805 Castleton Avenue
Staten Island, NY 10310
(718) 727-6607

9

STATE OF NEW YORK, COUNTY OF      ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney**    certify that the within

has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation**    state that I am

the attorney(s) of record for                 in the within

action; I have read the foregoing              and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters

I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:                                 *The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF **Richmond**    ss.:

I, **Tysean Moore**      being duly sworn, depose and say: I am **Complainant**

☒ **Individual Verification**    in the within action; I have read the foregoing **Verified complaint**

and know the contents thereof; the same is true to my own knowledge, except

as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification**    the         of

a           corporation and a party in the within action; I have read the foregoing

and know the contents thereof; and the same is true to my own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This

verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

**Contents of Attorney's file**

Sworn to before me on

**2-24-2013**

*Notary Public State of New York*
*Phillis Ohene*
*NO. 02OH5025382*
*Qualified in Richmond County*
*Commission Expires March 28, 2014*

*The name signed must be printed beneath*
**TYSEAN MOORE**

STATE OF NEW YORK, COUNTY OF        ss.:     (If more than one box is checked — indicate after names type of service used.)

I,                      being sworn, say: I am not a party to the action, am over 18 years

of age and reside at

On         19      I served the within

☐ **Service By Mail**    by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

☐ **Personal Service on Individual**    by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service By Electronic Means**    by transmitting the papers by electronic means to the telephone number listed below, which number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the attorney at the address set forth after the name:

☐ **Overnight Delivery Service**    by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of

                for overnight delivery, prior to the latest time designated by that service for overnight delivery.